**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 26 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RUBEN ANTONIO MEJIA-CELAYA,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 11-73136

Agency No. A200-062-447

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2015[**]

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

Ruben Antonio Mejia-Celaya, a native and citizen of Honduras, petitions pro

se for review of the Board of Immigration Appeals' order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We dismiss in part and deny in part the petition for review.

We do not consider the medical information attached to Mejia-Celaya's opening brief. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (this court's review is limited to the administrative record). We deny the respondent's motion to strike as unnecessary.

We lack jurisdiction to consider the particular social group of abandoned street children and related contentions that Mejia-Celaya raises in his opening brief. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction to review issues or claims not raised before the agency). Substantial evidence supports the agency's adverse credibility determination based on the inconsistency in the record regarding whether Mejia-Celaya obtained medical treatment after being beaten by gang members. *See Shrestha,* 590 F.3d at 1048 (adverse credibility determination was reasonable under the REAL ID Act's totality of the circumstances standard); *see also Pal v. INS*, 204 F.3d 935, 939-40 (inconsistency between testimony and application regarding injuries petitioner

received went to heart of claim). The agency reasonably rejected Mejia-Celaya's explanation for the inconsistency. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). In the absence of credible testimony, Mejia-Celaya's asylum and withholding of removal claims – including his claim for humanitarian asylum – fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of CAT relief because Mejia-Celaya failed to demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**